IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANKLIN SQUARE CONDOMINIUM OWNER ASSOCIATION, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:23-CV-1012-RP |
| AMGUARD INSURANCE COMPANY, | | |
| Defendant. | | |

# **ORDER**

Before the Court is Defendant AmGuard Insurance Company's ("AmGuard") Motion for Summary Judgment. (Dkt. 22). Plaintiff Franklin Square Condominium Owner Association ("Franklin Square") filed a response, (Dkt. 27), to which Defendant replied, (Dkt. 30). Also before the Court is AmGuard's Motion to Strike Plaintiff's Summary Judgment Evidence, (Dkt. 29), asking this Court to strike certain Exhibits to Franklin Square's Summary Judgment response: Exhibit H (Storm Damage Report by Brian C. Johnson) (Dkt. 27-8), Exhibit C (Deposition Transcript of Marc Camacho) (Dkt. 27-3), Exhibit D, (Expert Report of Marc Camacho) (Dkt. 27-4), Exhibit E (Deposition Transcript of Jeremy Duke) (Dkt. 27-5), and Exhibit F (Expert Report of Jeremy Duke) (Dkt. 27-6). Franklin Square filed a response to AmGuard's motion to strike, (Dkt. 36), to which AmGuard replied, (Dkt. 37).

Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that AmGuard's motion to strike will be granted in part and denied in part. The motion will be granted as to the Jeremy Duke expert report and deposition transcript and the Brian C. Johnson expert report, (Dkts. 27-8, 27-5, and 27-6), and denied with respect to Marc Camacho's expert report and deposition transcript, (Dkts. 27-3 and 27-4).

Additionally, the Court finds that AmGuard's motion for summary judgment, (Dkt. 22), will be granted in part and denied in part. Specifically, Franklin Square has met its burden to show a material dispute of fact as to the extent of roof damage and interior damage to the property, as well as the costs of the covered repairs. As such, AmGuard's motion for summary judgment is denied as to the breach-of-contract claim. However, Franklin Square has not demonstrated a material dispute of fact as to its extra-contractual claims—specifically, negligence, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code (including the Texas Prompt Payment of Claims Act ("TPPCA")), and violations of the Texas Deceptive Trade Practices Act ("DTPA")). As such, AmGuard's motion for summary judgment is granted as to those claims.

## I. BACKGROUND

Franklin Square is an eight-unit condominium building in San Marcos, Texas that sustained hail damage to its roof during a hailstorm on April 28, 2021. (Dkt. 22, at 1). Franklin Square had an insurance policy with AmGuard that covered "direct physical loss or damage" to the property "caused by or resulting from any Covered Cause of Loss" including the roof damage from the hailstorm and associated interior damage to the building. (*Id.* at 3).

After Franklin Square submitted a claim for the damage caused by the hailstorm, AmGuard sent an adjuster to inspect the property damage, notified Franklin Square that its inspector had assessed $13,034.90 in damages, and sent Franklin Square a check for an amount of $5,534.90 (the $13,034.90 in damages minus the deductible). (*Id.* at 4). Franklin Square indicated that they disagreed with the assessment of the roof damage. In response, AmGuard sent an engineer, Wyatt Hardenberg, to inspect the property on October 26, 2022, who found that 41 roof tiles exhibited hail damage, but observed that other cracked tiles lacked "a centralized focal (impact) point on the tile surface" as would indicate hail damage. (*Id.* at 5). Hardenburg further observed that the cracked tiles evidenced earlier damage than the hailstorm and that the roof had been treated with sealant

2

prior to the hail damage, indicating "prior maintenance activities to arrest known water intrusions." (*Id.*). After Hardenburg's assessment, AmGuard notified Franklin Square that it had readjusted its estimate and provided an additional check for $2,409.20 to replace the 41 cracked tiles and a broken window screen. (*Id.* at 6).

Franklin Square alleges that AmGuard underestimated the value of the damage and that it paid $104,355.24 to repair the roof of the property due to the hailstorm, which it now seeks to recover from AmGuard. Franklin Square hired an expert, Marc Camacho, who submitted a report and was deposed about "whether the hailstorm caused the claimed damage to the roof at Franklin Square and the extent in which the roof needs repair." (Dkt. 27, at 5). Camacho found that, based on a site inspection of the roof, it sustained widespread hail damage that necessitates "full removal and replacement of concrete tile roof coverings at the subject property." (Dkt. 27-4, at 9). Franklin Square argues that Camacho's recommendation—repairing the entire roof—would necessitate a higher amount of repair costs than was compensated by AmGuard.

Franklin Square additionally proffered Jeremy Duke as an expert witness to provide "evidence of causation in regard to the water intrusion that resulted from the Hailstorm." (Dkt. 27, at 11). AmGuard moved this Court to exclude Duke's report, arguing that his report "does not comply with Rule 26(a)(2)(B)'s requirement that an expert report include "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness." (Dkt. 34, at 5). This Court granted AmGuard's motion to exclude, finding that his report did not satisfy the requirement that experts disclose their opinions and the bases for them, and struck Duke's expert testimony. (*Id.* at 6–7).

Finally, Franklin Square in its Response cites evidence from a third expert, Brian C. Johnson, (Dkt. 27, at 10), which AmGuard moves to strike, (Dkt. 29). AmGuard asserts that Johnson's Storm Damage Report should be stricken because Johnson was not timely disclosed as an expert witness

3

that Franklin Square may use at trial. (*Id.* at 2-3). Franklin Square first disclosed Johnson in its initial disclosures as a fact witness, but not an expert witness. (*Id.*). Franklin Square now suggests that it "has no intention of using" Johnson "as an expert witness" but instead relies on his expert report as a "consulting expert" under Rule 26(b)(4). In other words, Franklin Square agrees Johnson cannot testify at trial as an expert witness. (Dkt. 36, at 2). Johnson conducted a "file review of the documented interior and exterior conditions" of Franklin Square and did not assess the property himself. (Dkt. 27-8).

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2021).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

### III. DISCUSSION

### A. AmGuard's Motion to Strike

The Court will grant in part and deny in part AmGuard's motion to strike. As to Camacho and Duke, AmGuard moves to strike their reports and deposition testimony on the same grounds set forth in its Motion to Exclude, (Dkt. 35). The Court has already considered and denied AmGuard's motion to exclude as to Camacho and granted it as to Duke. (Dkt. 35, at 4–5). The Court incorporates by reference its ruling in the Order granting in part and denying in part AmGuard's motion to exclude. As such, the motion to strike will be granted as to Duke and denied as to Camacho. Additionally, to the extent Franklin Square wishes to have Duke offer factual testimony at trial, it offers no valid basis for Duke to testify as a lay witness under Rule 701, which does not allow him to testify as to conclusions based on technical and specialized knowledge. *See* Fed. R. Evid. 701; *United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017) ("Lay witnesses may offer opinion testimony if it is rationally based on their perception . . . and not based on specialized knowledge" and where some specialized knowledge is required, the testimony may consist only of "straightforward conclusions from observations informed by his or her experience."). As such, Duke's testimony is stricken from the summary judgment record, and he is precluded from testifying as an expert witness at trial and from providing lay witness testimony that relies on technical or specialized knowledge.

Further, the Court will grant AmGuard's motion to strike Johnson's report at this time because Franklin Square did not timely disclose Johnson as an expert witness, (*see* Dkt. 19-1), and does not offer an explanation as to the untimely disclosure satisfying the four *State Farm* factors, *see Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Franklin Square has not offered any basis for failing to disclose Johnson as an expert witness other than arguing that he is a "consulting expert" under Rule 26, which Franklin Square admits does *not* allow him to testify at

trial. (Dkt. 36, at 2). And, given that Johnson cannot testify at trial, Franklin Square offers no other valid basis for his report to be admissible. (*Id.*). Franklin Square suggests his report "contains factual observations," but Johnson cannot testify as a lay witness under Rule 701: his report is based on a review of a file about Franklin Square's roof damage, using his specialized knowledge as a licensed engineer, and not based on his own perceptions of the property as would be appropriate testimony by a lay witness. *See* Fed. R. Evid. 701; *Sanjar*, 876 F.3d at 738. Because Franklin Square offers no valid basis for admitting the Johnson report at trial, the Court will grant AmGuard's motion to strike the Johnson report. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").[1]

### B. AmGuard's Motion for Summary Judgment

The Court, having considered AmGuard's motion for summary judgment, finds that it should be granted in part and denied in part. As to the breach of contract claim—i.e., the claim that AmGuard underestimated the extent of the damage to the Franklin Square roof and building and breached its contract as a result—summary judgment will be denied because the parties present questions of fact appropriate for resolution by a jury. Summary judgment will be granted as to Franklin Square's remaining claims because it has not met its burden to show the existence of a material fact; no reasonable jury could conclude based on the record that AmGuard lacked *any* basis for its assessment of the roof damage, as would be required to overcome a motion for summary judgment on the claims of bad-faith.

### 1. Extent of damage to the roof and interior of Franklin Square

First, the parties have shown a genuine dispute of material fact as to the breach-of-contract claim. A claim for breach of an insurance contract under Texas law requires the insured to prove

---

[1] Though the Johnson report will be stricken as a summary judgment exhibit, this order does not preclude Franklin Square from moving to admit the report at trial should it have another basis for doing so.

"coverage, breach of the contract, damage caused by the breach to the insured, and the amount of damages caused by the breach." *Dalton v. State Farm Lloyd's, Inc.*, No. CIV.A. H-12-3004, 2013 WL 3157532, at *8 (S.D. Tex. June 19, 2013). It is undisputed that coverage existed, i.e., that AmGuard and Franklin Square had an insurance policy pursuant to which AmGuard agreed to reimburse Franklin Square for the direct physical loss or damage associated with the April 28, 2021 hailstorm event as a covered loss, minus a deductible. The parties dispute the extent of that coverage and ensuing damages, i.e., the extent to which the hailstorm damaged Franklin Square's roof and interior and the extent of the repairs required. As described above, the parties each provide evidence which would support different assessments as to the damage and repairs. This is a question of fact appropriate for resolution by a jury; this Court cannot weigh the evidence on either side, making summary judgment inappropriate on this claim.

As to the extent of the damage to the roof and the number of tiles on the roof that need to be replaced, AmGuard argues that summary judgment on this question is warranted because Plaintiff relies on Camacho's opinion, which they argue is "unreliable." (Dkt. 30, at 2). But as explained above, this Court has already considered Camacho's testimony and found it reliable in denying the motion to exclude his testimony. (*See* Dkt. 35). Camacho's testimony, if credited by a jury, would support a showing of breach-of-contract by AmGuard; the question that remains is the weight to be given to the competing evidence presented on this question, which is the purview of the jury. As such, this Court will deny the motion for summary judgment as to the extent of the roof damage and needed repairs to the roof of Franklin Square.

Second, Franklin Square has also met its burden to show the existence of a material fact as to the extent of the interior damage to the property. The Court will strike the expert testimony of Duke and Johnson, for the reasons discussed above. Still, Franklin Square has other evidence it says it plans to present at a trial on this issue. Franklin Square has cited the deposition and declaration of

7

a fact witness, Tom Hodge, the corporate representative and Secretary-Treasurer of Franklin Square, who testified about the extent of the repairs and damage to the interior of Franklin Square. (Dkt. 27, at 2). More specifically, Hodge explained at his deposition that leaking in Franklin Square's roof began a few months after the April 2021 hailstorm, when residents began complaining as to water intrusion which had not occurred prior to the hailstorm. (*Id.* at 4). He further explained that residents did not notice the interior damage earlier due to dry weather in May and June 2021. (*Id.*). AmGuard responds that his "statement was in response to a question related to evidence of preexisting leaks," (Dkt. 30, at 3–4), but assessing the meaning of Hodge's wording at that level of granularity would amount to weighing the evidence, which this Court cannot do. The Court must make every factual inference in Franklin Square's favor at this stage, and so it will not grant summary judgment as to breach-of-contract concerning the interior damage to Franklin Square resulting from the April 2021 hailstorm. Hodge may testify as to his personal knowledge as a lay witness as to the interior damage issue. Franklin Square has also produced other documents attached to its Response, which it may seek to introduce at trial over any objections. Moreover, whether Franklin Square can prove the occurrence and extent of interior water damage caused by the hailstorm by a preponderance of admissible evidence is a question appropriate for resolution at trial. The Court finds that summary judgment is unwarranted because a material fact exists as to whether and to what extent the hailstorm resulted in covered damage.

### 2. Extracontractual claims

The Court will grant summary judgment as to Franklin Square's extracontractual claims, which include negligence, breach of the duty of good faith and fair dealing, and violations of the TPPCA and the DTPA. (Dkt. 1-1, at 6–14).

As to its claims under the Texas Insurance Code, Franklin Square has conceded that it does not have a valid claim and says it "withdraws its claim" under that statute. (Dkt. 27, at 13). The

parties agree that Sections 542.055, 542.056, and 542.058 of the Texas Insurance Code require insurers to promptly investigate, accept or reject claims, and pay damages, but do not apply to a dispute as to the *amount* of an insurance payment. *See* Tex. Ins. Code § 542.055–.056, .058; *Womack v. Meridian Sec. Ins. Co.*, No. 4:21-CV-00454-O, 2022 WL 1518934, at *4 (N.D. Tex. Feb. 17, 2022). So too, Franklin Square correctly "concedes that Texas does not recognize a cause of action for negligent claims handling and withdraws its claims for such." (Dkt. 27, at 11); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Texas law does not recognize a cause of action for negligent claims handling."); *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 352 (5th Cir. 2001) (same). The Court will grant Franklin Square's unopposed motion for summary judgment on those claims.

Turning to the remaining claims at issue, the Court finds that no reasonable jury could find in Franklin Square's favor on these claims because AmGuard had a reasonable basis to deny coverage. Franklin Square's remaining extra-contractual claims require a showing of common-law bad faith. *See Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191-XR, 2020 WL 1033657, at *3 (W.D. Tex. Mar. 2, 2020) (citing *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)). To overcome a summary judgment motion on the question of bad faith, Franklin Square must show that there is a material dispute of fact as to, among other elements, whether AmGuard had "any reasonable basis for denial of [] coverage." *Id*; *see also Higginbotham*, 103 F.3d at 460 ("As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith.").

It is undisputed from the record that AmGuard had a reasonable basis for denying the claim. AmGuard retained an adjuster and, later, a licensed engineer to inspect the property, and it relied upon this engineer's report and estimate to assess the amount of damage. (Dkt. 22, at 12). Franklin

Square now relies on its own expert analysis to present a different assessment as to the covered damage.

In its Response, Franklin Square does not point to facts in the record that would support a showing of bad faith. (Dkt. 27, at 12–13). Instead, Franklin Square argues that it "complied with its obligations pursuant to the Policy" and reiterates that AmGuard breached the contract, causing damages over the course of three years. (*Id.*). Those assertions are relevant to the claims of breach-of-contract, on which the Court denied summary judgment. However, they do not support a claim of bad faith as required to support Franklin Square's extra-contractual claims. Also, as to the negligent misrepresentation claim specifically, Franklin Square has provided no evidence of false statements or omissions and concedes that it does not have evidence of such. (Dkt. 22-1, at 260–61). Because Franklin Square has no evidence of a false statement or omission by AmGuard, Franklin Square's negligent misrepresentation claim fails as a matter of law. *Womack v. Meridian Sec. Ins. Co.*, No. 4:21-CV-00454-O, 2022 WL 1518934, at *3 (N.D. Tex. Feb. 17, 2022).

In sum, summary judgment is granted as to the extra-contractual claims, because nothing in the record disputes that AmGuard had a reasonable basis for its assessment of the value of the damage to Franklin Square. Having found that an essential element of the extracontractual claims is not met, the Court need not reach the other defenses to this claim AmGuard raises in its Motion. (Dkt. 27, at 12).

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that AmGuard's Motion to Strike Franklin Square's Summary Judgment Response is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Franklin Square's Exhibit H (Storm Damage Report by Brian C. Johnson) (Dkt. 27-8), Exhibit E (Deposition Transcript of Jeremy Duke) (Dkt. 27-5), and Exhibit F (Expert Report of Jeremy Duke) (Dkt. 27-6) to its Summary Judgment response, (Dkt. 27). Those Exhibits are

**STRICKEN** from the docket. AmGuard's Motion is **DENIED** as to Franklin Square's Exhibit C (Deposition Transcript of Marc Camacho) (Dkt. 27-3), and Exhibit D, (Expert Report of Marc Camacho) (Dkt. 27-4).

**IT IS FURTHER ORDERED** that AmGuard's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The Motion for Summary Judgment is **DENIED** as to Franklin Square's breach-of-contract claim and **GRANTED** as to all other claims.

**SIGNED** on November 14, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE